UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-20101-CIV-MARTINEZ/AOR

GOVERNMENT EMPLOYEES INSURANCE
CO., GEICO INDEMNITY CO., GEICO
GENERAL INSURANCE COMPANY and
GEICO CASUALTY CO.,

    Plaintiffs,
v.

QUALITY DIAGNOSTIC HEALTH CARE,
INC., JORGE E. MARTINEZ, CARLOS
ACEBO MARTINEZ, LUIS ANIBAL
QUERAL, M.D., MOULTON KEANE, M.D.,
IVELIS GARCIA, and MICHEL VIERA, LMT,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Plaintiffs Government Employees Insurance Co., Geico Indemnity Co., Geico General Insurance Company and Geico Casualty Co.'s ("Plaintiffs" or "GEICO") Motion in Limine for Adverse Inferences Against Defendants Quality Diagnostic Health Care, Inc. ("Quality Diagnostic"), Jorge Martinez, Carlos Acebo Martinez ("Carlos Martinez"), Luis Anibal Queral, M.D. ("Queral"), Moulton Keane, M.D. ("Keane"), and Ivelis Garcia ("Garcia") (collectively, "Defendants") (hereafter, "Motion in Limine") [D.E. 57]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Jose E. Martinez, United States District Judge [D.E. 88]. The undersigned held a hearing on this matter on April 15, 2019 [D.E. 92]. For the reasons stated below, the undersigned respectfully recommends that Plaintiffs' Motion in Limine be GRANTED IN PART.

## BACKGROUND

On January 9, 2018, GEICO filed a Complaint against Defendants, alleging a fraudulent personal injury protection ("PIP") insurance billing scheme [D.E. 1]. On May 21, 2018, Defendants Garcia and Keane were arrested on charges related to the claims in this case. On July 20, 2018, GEICO filed an Amended Complaint alleging additional facts, and asserting claims for Racketeer Influenced and Corrupt Organizations Act ("RICO") violations under 18 U.S.C. 1962(c) and (d), violation of the Florida Deceptive and Unfair Trade Practices Act, violation of the Florida Civil Remedies for Criminal Practices Act, common law fraud, and unjust enrichment. See Am. Compl. [D.E. 33]. GEICO alleges that Defendants engaged in a kickback scheme and made misrepresentations to GEICO regarding Defendant Quality Diagnostic's eligibility to receive PIP reimbursement. Id. GEICO seeks to recover $145,000.00 paid to Defendant Quality Diagnostic and a declaratory judgment that GEICO is not liable to pay $75,000.00 in outstanding billing from Defendants. Id. On January 15, 2019, Garcia was arrested again on charges related to fraudulent activity with Quality Diagnostic.

In its Motion in Limine, GEICO seeks adverse inferences against Defendants based on Garcia's and Keane's invocation of the Fifth Amendment at their depositions. Specifically, GEICO asks that, for purposes of its pending Motion for Summary Judgment [D.E. 60], the Court infer that Garcia's answers to the following questions would have been "yes":

> "Did you ever pay a patient to receive treatment at Quality Diagnostic?"
> "Did you ever pay a patient to refer someone else to Quality Diagnostic?"
> "Did you ever tell a patient what they needed to say at an examination under oath?"
> "Did anyone at Quality Diagnostic ever pay a patient to stage an accident?"

GEICO seeks the same ruling with respect to Keane's answers to the following questions:

> "Did you fabricate any medical records of Quality Diagnostic?"
> "Did you list findings on examination reports at Quality Diagnostic that were not true?"

See Motion in Limine [D.E. 57 at 2].

## APPLICABLE LAW

"[T]he Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them." Baxter v. Palmigiano, 425 U.S. 308, 318 (1976). "[A]n adverse inference can be drawn when silence is countered by *independent evidence* of the fact being questioned, but that same inference cannot be drawn when, for example, silence is the answer to an allegation contained in a complaint. In such instances, when there is no corroborating evidence to support the fact under inquiry, the proponent of the fact must come forward with evidence to support the allegation, otherwise no negative inference will be permitted." Doe ex. Rel. Rudy-Glanzer v. Glanzer, 232 F.3d 1258, 1264 (9th Cir. 2000) (citations omitted). "[T]he independent evidence alone does not need to independently sustain a party's burden of proof; the adverse inference may be included in the evidence that weighs in favor of the burden of the party relying on the adverse inference." In re Neves, 2014 WL 7070938, at *5 (Bankr. S.D. Fla. 2014) (citing Cole v. Am. Capital Partners Ltd., Inc., 2008 WL 2986444, at *5 (S.D. Fla. 2008).

Rule 56 of the Federal Rules of Civil Procedure (hereafter, "Rule 56") provides, "A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. Pro. 56(c)(2). "It is well established that entries in a police report which result from the officer's own observations and knowledge may be admitted but that statements made by third persons under no business duty to report may not." United Techs. Corp. v. Mazer, 556 F.3d 1260, 1278 (11th Cir. 2009), quoting United States v.

Pazsint, 703 F.2d 420, 424 (9th Cir. 1983). "In other words, '[p]lacing otherwise inadmissible hearsay statements by third-parties into a government report does not make the statements admissible.'" Id., citing Commodity Futures Trading Comm'n v. Wilshire Inv. Mgmt. Corp., 407 F.Supp.2d 1304, 1315 n. 2 (S.D. Fla. 2005).

## DISCUSSION

In response to GEICO's Motion in Limine, Defendants argue that the required independent evidence is lacking. At the April 15, 2019 hearing, the undersigned agreed with Defendants as to all but the following two questions to Garcia:

> "Did you ever pay a patient to receive treatment at Quality Diagnostic?"
> "Did you ever pay a patient to refer someone else to Quality Diagnostic?"

As to these two questions, GEICO relied on statements from a Quality Diagnostic patient contained in the police reports of Garcia's arrest. These statements are inadmissible hearsay. United Techs., 556 F.3d at 1278. Rule 56 provides that a party "may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. Pro. 56(c)(2). However, although the patient's statements are inadmissible hearsay, the statements may still be admitted as evidence via direct testimony at trial. Therefore, the patient's statements constitute satisfactory independent evidence. In re Neves, 2014 WL 7070938, at *5. Defendants further argue that questioning Garcia if she "ever [paid] a patient" is irrelevant. However, "a patient" includes any GEICO patient, and therefore this question is both relevant and probative. Baxter, 425 U.S. at 318.

Accordingly, the undersigned finds that there is sufficient independent evidence and articulations in the arrest report to support an adverse inference as to the following probative questions for Garcia:

4

"Did you ever pay a patient to receive treatment at Quality Diagnostic?"
"Did you ever pay a patient to refer someone else to Quality Diagnostic?"

Baxter, 425 U.S. at 318; Doe, 232 F.3d at 1264. The undersigned does not find that there is satisfactory independent evidence to support an adverse inference with regard to the other questions asked of Garcia and those asked of Keane.

## CONCLUSION

The undersigned RESPECTFULLY RECOMMENDS that Plaintiffs' Motion in Limine [D.E. 57] be GRANTED IN PART in that, for purposes of GEICO's pending Motion for Summary Judgment [D.E. 60], the Court make an adverse inference that the responses from Garcia would have been "Yes" but for the invocation of the Fifth Amendment as to these two questions: (1) "Did you ever pay a patient to receive treatment at Quality Diagnostic?" and (2) "Did you ever pay a patient to refer someone else to Quality Diagnostic?".

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Jose E. Martinez, United States District Judge. Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers in Miami, Florida, on this 18th day of April, 2019.

                                                                ALICIA M. OTAZO-REYES
                                                                UNITED STATES MAGISTRATE JUDGE

cc:    United States District Judge Jose E. Martinez
        Counsel of Record